145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bernardo ROCHIN-ROMERO, Defendant-Appellant.
 No. 97-10252.
D.C. No. CR-96-00844-JMR.
 United States Court of Appeals, Ninth Circuit.
 Submitted** February 4, 1998.
Decided May 6, 1998.
 
 Appeal from the United States District Court for the District of Arizona, John M. Roll, District Judge, Presiding.
 Before CHOY, SNEED, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernardo Rochin-Romero appeals his conviction following a conditional guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Rochin-Romero contends that the district court erred by denying his motion to suppress evidence because, in his view, the Border Patrol lacked reasonable suspicion to stop his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 BACKGROUND
 
 3
 On November 16, 1996, at approximately 6:30 a.m., an intrusion sensor was activated along the U.S.-Mexico border near Douglas, Arizona. The Border Patrol had placed the sensor in this location due to frequent illegal alien and narcotics trafficking. The area is sparsely populated and consists mainly of ranches. Aside from a lime plant and a college, there is no commercial development in the area.
 
 
 4
 When the sensor activated, Border Patrol Agent Alfredo Esquivel immediately responded by positioning himself at a point about five miles from the border where dirt roads lead from the border and intersect with Highway 80. These unimproved dirt roads are lightly trafficked, as they are primarily used by the Border Patrol and a gas company.
 
 
 5
 About ten minutes after the intrusion sensor was activated, and one or two minutes after arriving at the lookout, Esquivel noticed a white truck approaching the intersection. Esquivel recognized the driver as an employee of the lime plant. Five minutes later, a red truck followed by a white, half-ton truck approached Highway 80. These were the only other vehicles Esquivel observed after arriving at the lookout. The two trucks appeared at a time consistent with their having activated the intrusion sensor, given Esquivel's knowledge of the condition of the road and the distance involved.
 
 
 6
 Esquivel observed both trucks signalling to make right turns. The red truck turned right, but the white truck turned left instead. Esquivel observed that the driver of the white, half-ton truck had noticed the Border Patrol vehicle before making the left turn. Esquivel considered it "surprising" to see a half-ton truck because the road was so primitive and could not be used at a very fast speed. Next, Esquivel noticed that the white truck had Mexican plates. At this point, Esquivel's attention was "alerted" in such a way that he decided to keep an eye on the white truck.
 
 
 7
 Esquivel followed the white truck for about half a mile. During this time, he noticed the driver repeatedly looking back in his large, side-view mirror. The white truck also crossed the center line a couple of times and then move back into the right lane. Based on these facts, Esquivel activated his emergency lights and stopped the white truck. Upon exiting his vehicle, Esquivel smelled marijuana emanating from the back of the white truck. He searched the vehicle and discovered over 600 pounds of marijuana. The driver of the white truck was identified as Bernardo Rochin-Romero.
 
 
 8
 Rochin-Romero was charged with possession with intent to distribute marijuana, in violation of Title 21 U.S.C. § 841(a)(1). After Rochin-Romero's motion to suppress the marijuana was denied, he entered into a conditional guilty plea which allowed Rochin-Romero to appeal the denial of his suppression motion. Rochin-Romero was sentenced to 37-months imprisonment. He timely appeals the denial of his motion to suppress.
 
 II.
 STANDARD OF REVIEW
 
 9
 Whether reasonable suspicion existed to justify an investigatory stop is a legal conclusion subject to de novo review. Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).
 
 III.
 DISCUSSION
 
 10
 Rochin-Romero contends that the district court erred by denying his motion to suppress evidence because, in Rochin-Romero's view, there was no reasonable suspicion to justify the investigatory stop of his vehicle. We disagree.
 
 
 11
 An officer may detain a motorist on less than probable cause where the totality of the circumstances provides a particularized and objective basis for suspecting the person detained is engaged in criminal activity. United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The circumstances surrounding an investigatory stop are viewed in "light of a trained officer's experience." United States v. Michael R., 90 F.3d 340, 346 (9th Cir.1996). In the context of Border Patrol searches, factors giving rise to reasonable suspicion "include, but are not limited to: 1) characteristics of the area; 2) proximity to the border; 3) usual patterns of traffic and time of day; 4) previous alien or drug smuggling in the area; 5) behavior of the driver, including obvious attempts to evade officers; 6) appearance or behavior of passengers; 7) model and appearance of the vehicle; and, 8) officer experience." United States v. Garcia-Barron, 116 F.3d 1305, 1307 (9th Cir.1997) (internal quotations omitted).
 
 
 12
 We conclude that under the totality of the circumstances, Border Patrol Agent Esquivel possessed a particularized and objective basis for suspecting Rochin-Romero of narcotics trafficking. First, Esquivel was aware that an electronic sensor had been activated in a known drug trafficking area near the Mexican border. Second, Esquivel had reason to believe that Rochin-Romero's white, half-ton truck had set off the sensor. Third, in Esquivel's experience, it was unusual for such a large truck to be travelling at 6:30 a.m. on this particular backroad. Fourth, Esquivel observed that the white, half-ton truck had Mexican plates. Fifth, Esquivel observed Rochin-Romero signal to make a left turn and instead turn right after spotting Esquivel's Border Patrol vehicle. Sixth, as Esquivel followed Rochin-Romero, he observed Rochin-Romero repeatedly looking back at him in the truck's side view mirror. Seventh, Rochin-Romero crossed the center line on more than one occasion. Under these facts, we hold that the Border Patrol had reasonable suspicion to stop Rochin-Romero's vehicle. See Ornelas, 116 S.Ct. at 1661-62; see also Garcia-Barron, 116 F.3d at 1307.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3